IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

THOMAS EDWARDS,                    )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    No. 25-cv-2333-MSN-tmp
                                   )
MEMPHIS LIGHT, GAS, & WATER,       )
                                   )
    Defendant.                     )

---

REPORT AND RECOMMENDATION

---

Before the court is *pro se* plaintiff Thomas Edwards's complaint.[1] Because Edwards is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons below, the undersigned recommends that Edwards's complaint be dismissed in part and that he be given leave to amend his complaint.

## I.    PROPOSED FINDINGS OF FACT

Edwards filed his complaint on March 24, 2025, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* (ECF No. 2.) Edwards alleges that defendant

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

[2] The undersigned granted Edwards leave to proceed *in forma pauperis* on June 18, 2025. (ECF No. 9.)

Memphis Light, Gas, & Water ("MLGW") "is a utility provider" that "furnishes consumer account information to credit reporting agencies." (Id. at PageID 2.) According to Edwards, he "opened an account with MLGW on September 11, 2018. (Id.) Edwards alleges that MLGW has reported "incomplete and inaccurate information, including: [r]eporting a charge-off despite a $0 balance[;] [n]o indication of whether the account is open or closed[;] and [an] [i]ncorrect high balance of $0 despite charge-off status." (Id.) He claims that MLGW "should no longer be reporting" his account "[i]f the account was sold or transferred to a collection agency." (Id.) Edwards claims that he "disputed the inaccurate reporting," and that "MLGW failed to correct or remove the misleading data."(Id.)

Edwards seeks to bring two claims under the FCRA. First, he alleges that MLGW violated 15 U.S.C. § 1681s-2(a) by reporting "incomplete and inaccurate consumer account information." (Id. at PageID 3.) Second, he alleges that MLGW violated 15 U.S.C. § 1681s-2(b) because it "fail[ed] to conduct a reasonable investigation." (Id.) As a result, Edwards claims that he has suffered ongoing harm to his creditworthiness. (Id.) As relief, he requests statutory, actual, and punitive damages as well as attorneys' fees and costs. (Id.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Legal Standard

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)).

Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Analysis**

Edwards asserts two claims under § 1681s-2 of the FCRA. "[The] FCRA exists 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 614 (6th Cir. 2012) (quoting Safeco Ins. Co. v. Burr, 551 U.S. 47, 52 (2007)). "[Section] 1681s-2 is designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information."[3] Id. And "[it] works in two phases." Id. First, under § 1681s-2(a), "it imposes a duty to provide accurate information." Carter, 2025 WL 1065379, at *4 (citing LaBreck, 2016 WL 6927454, at *2). Second, under § 1681s-2(b), it imposes "a duty to undertake an investigation upon receipt of

---

[3]"While § 1681s-2 does not define 'furnisher,' courts have defined the term as 'any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies.'" Carter v. Holzman L., PLLC, No. CV 24-11990, 2025 WL 1065379, at *3 (E.D. Mich. Feb. 13, 2025), report and recommendation adopted, 2025 WL 868615 (E.D. Mich. Mar. 20, 2025) (quoting LaBreck v. Mid-Mich Credit Bureau, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016)).

- 4 -

notice of dispute from a [consumer reporting agency]." Id. (citing LaBreck, 2016 WL 6927454, at *2).

1.   Section 1681s-2(a) Claim

Edwards alleges that MLGW violated § 1681s-2(a) by reporting incomplete and inaccurate information. However, § 1681s-2(a) does not create a private cause of action. Boggio, 696 F.3d at 615 ("This is because § 1681-2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s-2(a), initially provide complete and accurate consumer information to a [consumer reporting agency]."); see also Carter, 2025 WL 1065379, at *4 ("The law is clear that there is no private cause of action for consumers against furnishers of information for failure to comply with § 1681[s-2(a)]." (citing Boggio, 696 F.3d at 615)). Because § 1681s-2(a) does not provide a private cause of action, the undersigned recommends that Edwards's claim under that provision be dismissed.

2.   Section 1681s-2(b) Claim

Edwards also alleges that MLGW violated § 1681s-2(b) by failing to conduct a reasonable investigation and correct inaccuracies. The FCRA imposes several duties on furnishers, including a duty to conduct a reasonable investigation into disputed information. Boggio, 696 F.3d at 616 (citing 15 U.S.C. § 1681s-2(b)(1)(A); Johnson v. MBNA Am. Bank, NA, 357 F.3d 426,

430-31 (4th Cir. 2004); Chiang v. Verizon New Eng. Inc., 595 F.3d 26, 37 (1st Cir. 2010); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1155-57 (9th Cir. 2009); Westra v. Credit Control of Pinellas, 409 F.3d 825, 827 (7th Cir. 2005)). But "[a] private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute." Brown v. Wal-Mart Stores, Inc., 507 F. App'x 543, 547 (6th Cir. 2012) (citing Boggio, 696 F.3d at 615-16). Thus, to plausibly state a claim under § 1681s-2(b), a plaintiff must at least allege that they disputed an inaccuracy with a consumer reporting agency, that the consumer reporting agency then notified the furnisher of that dispute, and that the furnisher then violated a statutory duty under § 1681s-2(b)(1)(A)-(E). See Rajapakse v. Credit Acceptance Corp., No. 19-1192, 2021 WL 3059755, at *2 (6th Cir. Mar. 5, 2021) (citing 15 U.S.C. § 1681s-2(b)(1)(A)-(E); Boggio, 696 F.3d at 616-18) (affirming dismissal of complaint under Rule 12(b)(6) because plaintiff "did not allege that [defendant] violated any of the statutory duties to investigate and properly report information once notified of her dispute related to [defendant]"); see also Green v. Cont. Callers, Inc., No. 3:21-CV-2005, 2022 WL 2209436, at *2 (N.D. Ohio June 21, 2022) (citing Rajapakse, 2021 WL 3059755, at *2) (finding that plaintiff failed to state a § 1681s-2(b) claim).

- 6 -

Here, Edwards vaguely alleges that MLGW "furnishes consumer account information to credit reporting agencies," that he "disputed the inaccurate reporting," and that MLGW failed to properly investigate. (ECF No. 2 at PageID 2-3.) But he does not allege that he reported the inaccuracies to a consumer reporting agency or that any consumer reporting agencies notified MLGW about the dispute. "Absent th[ese] essential element[s]," the undersigned finds that Edwards's complaint fails to state a claim under § 1681s-2(b). <u>Green v. Navy Fed. Credit Union</u>, No. 3:24 CV 632, 2024 WL 4564421, at *2 (N.D. Ohio Oct. 24, 2024) (dismissing complaint where plaintiff failed to allege that the defendant was notified by a consumer reporting agency). However, because Edwards otherwise alleges some elements of a § 1681s-2(b) claim, the undersigned recommends that Edwards be given leave to amend his complaint in lieu of dismissal as to this claim.

## III. RECOMMENDATION

Based on the above, the undersigned recommends that Edwards's § 1681s-2(a) claim be dismissed under 28 U.S.C. § 1915(e)(2)(B). The undersigned further recommends that Edwards be given leave to amend his § 1681s-2(b) claim within thirty days.

Respectfully submitted,

s/Tu M. Pham

TU M. PHAM
Chief United States Magistrate Judge

June 18, 2025
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**